## IN ADMIRALTY.—APRIL, 1856.

## EDWARD MOLL AND GUSTAVUS REINERS, Assignees of Swan & Clifford, *vs.* SHIP "GEORGE."

Claimants having applied for letters rogatory, the court coupled the grant with a condition that the claimants should either release the libellants from their bond, or give bond themselves in a like amount with the libellants.

CHIEF JUSTICE LEE delivered his opinion as follows:

I have no doubt that the court may, in granting a continuance and letters rogatory to take evidence in a foreign country, annex such terms and conditions to the grant, as under all the circumstances of the case may seem just and proper. Now, it is asked by the libellants that in granting the motion for a continuance and letters rogatory in this cause, the court will only do so upon condition that the claimants, G. B. Post & Co , file a bond of indemnity to secure the libellants against the losses they may sustain, in case it should finally appear that the claim of the said Post & Co. is false and groundless.

The evidence so far as taken, goes to show that Post & Co. have no just claim to the George, and it might not be unfair to compel them to give the bond of indemnity asked for, but their exigencies are such that I am satisfied they could not give such a bond, and the consequence of ordering them to do so, would be to drive them to the withdrawal of their claim. Therefore, I cannot make the giving of the bond one of the conditions of granting the letters rogatory. But while I cannot do this, it is clear to me that under the peculiar cir-

cumstances of this case, the claimants should not be put in a better position than the libellants, that is to say, that one party should not be required to give bonds if the other is not. But, says the learned counsel for Post & Co., we are in possession of the vessel. The captain is our bailee, and holds possession for us, and the libellants wishing to oust us of our possession, ought to give bonds, while we should not. It does not appear clear to me that the captain holds the possession of the vessel for G. B. Post & Co., as he testifies that he was employed by Swan—sailed under his directions—looked to him as his principal—and furthermore, that for some supplies furnished the vessel at sea, he drew on Swan & Clifford. To my mind he holds the vessel as much for Swan & Clifford as for Post & Co., if not more.

My decision is, that the continuance and letters rogatory be granted without the condition of the bond of indemnity, provided the proctor for Post & Co. and Captain Downs will release the libellants from all obligations on their bond, otherwise, that the claimants be required to give bonds in the same amount. In other words, that both parties be put upon the same footing.

Mr. Montgomery, for libellants.
Mr. Harris, for claimants.